REQUESTED BY: Dear Senator Lewis:
By letter dated June 16, 1980, you have requested the counsel of this office in regard to several questions you pose relative to LB 615, 1980, a bill taking effect on July 19, 1980, and providing for a two-tier reimbursement rate structure for state officers and employees who use their personal automobiles while performing state functions.
You note that pursuant to LB 615 state officers and employees will be entitled to 18 1/2 cents per mile travel reimbursement when using their own automobiles on state business at their own convenience, and 21 cents per mile when their automobiles are used at agency convenience. You then refer to a determination made by the Department of Administrative Services that the 2 1/2 cent differential between the rates is reportable income and inquire as to whether it thereby might also be violative of Article III, section 7 of the Nebraska Constitution for legislators to claim the higher rate. That section states in pertinent part:
 ". . . Members of the Legislature shall receive no pay nor perquisites other than said salary and expenses, . . ."
It appears to us you actually made two inquiries which we suggest must always be kept separately in mind. First, in traveling to and from legislative sessions, legislators are limited to actual expenses incurred for one round trip. So long as any reimbursement rate can be said to reflect actual expenses of automobile travel, we see no basis to question its propriety. Relative to other travel expenses legislators are entitled to for different activities, the same reasoning applies.
Implicit in your inquiry is a second question which stems from federal income tax law. No matter what level of travel expenses a state officer or employee is entitled to by state law, the Internal Revenue Service independently established a separate rate which it will allow for federal income tax purposes unless a taxpayer can prove actual expenses. We take the view that the state and federal determinations are for different purposes and independent of one another and, obviously, can differ.
Thus, it is possible that the 21 cent per mile reimbursement rate may not be violative of the Nebraska Constitution or statutes for the purpose of travel expense reimbursement, but may be reportable income for federal income tax purposes to the extent that the rate exceeds the IRS approved rate.
Of course, we are in no position nor do we have any basis to make a determination of what other rate or rates of reimbursement might be allowed state officials or employees for the use of their personal automobiles while performing state functions. However, on the question of state travel expense reimbursement, it does occur to us that the ultimate standard against which any such rate would be judged is whether it reflects `actual' expenses.
We also hasten to point out that we did not intend by our Opinion No. 220, dated February 13, 1980, to indicate that we know of or could endorse any other formula or method for arriving at a mileage reimbursement rate for state officials or employees. We simply meant to indicate that while it occurred to us they might be conceivable, we are not in any position to undertake such a task ourselves, nor do we have any authority for such an undertaking.